IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHELSIE BROWN and SHARON HAGANS<br><br>　Plaintiffs,<br><br>v.<br><br>FIRST ADVANTAGE CORPORATION (DE)<br><br>　Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COME NOW, Plaintiffs Chelsie Brown ("Plaintiff Brown" or "Brown") and Sharon Hagans ("Plaintiff Hagans" or "Hagans"), through undersigned counsel, and files this lawsuit against Defendant First Advantage Corporation (DE) ("Defendant" or "First Advantage"), and for their Complaint show the following:

### I.    Nature of Complaint

1.

Plaintiffs bring this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiffs in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant First Advantage, a Delaware corporation, resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiffs' claims occurred in this district.

### III. Parties and Facts

5.

Plaintiff Brown was employed by Defendant from approximately November 2014 to approximately July 2016.  At all times relevant to this matter, Plaintiff Brown was employed by Defendant as an Account Manager.

6.

Plaintiff Hagans was employed by Defendant from approximately May 2015 to approximately July 2016.  At all times relevant to this matter, Plaintiff Hagans was employed by Defendant as an Account Manager.

7.

At all times relevant to this matter, Defendant treated Plaintiffs as non-exempt from the overtime requirements of the FLSA and paid them on an hourly basis.

8.

Plaintiffs were, at all times relevant to this matter, "employees" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

9.

During Plaintiffs' employment with Defendant, and particularly since October 2015, Plaintiffs regularly worked an amount of time that was more than forty (40) hours in given workweeks and were not paid the overtime wage differential for hours worked over 40 in such weeks.

10.

Defendant, through its management officials, knew or had reason to know Plaintiffs worked in excess of 40 hours in workweeks without receiving overtime compensation due to them.  Management officials observed Plaintiffs working at the office well outside of their scheduled work hours and also received email correspondence from Plaintiffs well outside of their scheduled work hours.

11.

Plaintiffs were required to work overtime hours off the clock with Defendant's actual or constructive knowledge.

12.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

Defendant suffered or permitted Plaintiffs to work in excess of 40 hours in given workweeks without receiving overtime compensation.

14.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

15.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

16.

Defendant failed to keep accurate time records for all hours worked by Plaintiffs.

17.

Plaintiffs are entitled to overtime pay for the hours they worked over 40 in given workweeks. Defendant's practices violate the provisions of the FLSA, 29 U.S.C. § 201, <u>et seq</u>. including but not limited to 29 U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiffs have suffered lost wages.

## Count I

## Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

18.

Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

19.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of 40 hours in given workweeks.

20.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek.

21.

Defendant suffered or permitted Plaintiffs to routinely work more than 40 hours per week without overtime compensation.

22.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs at the required overtime rate.

23.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiffs overtime compensation in violation of the FLSA.

24.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiffs, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

25.

Defendant's violations of the FLSA were willful and in bad faith.

26.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiffs are entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **Prayer for Relief**

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(A)  Grant Plaintiffs a trial by jury as to all triable issues of fact;

(B)  Enter judgment against Defendant and award Plaintiffs unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 207 and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)  Grant declaratory judgment declaring that Plaintiffs' rights have been violated and that Defendant willfully violated the FLSA;

(D)  Grant Plaintiffs leave to add additional claims if necessary; and

(E)  Award Plaintiffs such further and additional relief as may be just and appropriate.

**[Signature on the next page]**

This 12th day of October, 2016.

                                **BARRETT & FARAHANY**

                                <u>s/Benjamin A. Stark</u>
                                V. Severin Roberts
                                Georgia Bar No. 940504
                                Benjamin Stark
                                Georgia Bar No. 601867
                                Attorneys for Chelsie Brown
                                and Sharon Hagans

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
severin@justiceatwork.com
bstark@justiceatwork.com